**BELT v. SANFORD, Warden.**

No. 2069.

District Court, N. D. Georgia, Atlanta Division.

May 4, 1945.

Petitioner in personam.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner is serving a three-year sentence for violating the Selective Training and Service Act, 50 U.S.C.A.Appendix § 301 et seq., in that, it is alleged, he failed to fill out, sign, and return his questionnaire to his Local Selective Service Board as required by law.

Petitioner does not challenge the validity of the sentence, but applies for writ of habeas corpus on the sole ground that he was presented by the Special Local Board of the Penitentiary to the Army for induction, after he had been classified as A–1 by said Board, and that he was rejected by the Army and returned to prison, instead of being paroled. He contends that under the applicable law and regulations he should be discharged on parole and bases his claim on a statement in a letter of the Adjutant General to another prisoner of like status which states that, "As conditions precedent to your presentment for induction by the Selective Service System you must be regarded by the officials of the institution as fit for life in a civilian community and regardless of acceptability to the armed forces you are to be placed on parole, conditional release, or discharged. It must also be understood that when released, if you are not accepted for military service, you will not be again confined other than for violation of the parole or commission of another offense."

Petitioner contends that, under the provisions of the regulations, the mere fact of sending him to the Army for induction

amounted to a parole and that upon his rejection he should have been discharged as stated in the Adjutant General's letter.

The evidence showed that the Special Board found that petitioner was entitled to and would have been granted parole except for the fact that there is a detainer standing against him from a Kentucky State Court, which the Board has tried to get lifted but has failed in the effort. (Gough Testimony, Record, p. 7.)

Executive Order No. 8641, amending Selective Service Regulations, provides that, any person convicted of a violation of the Selective Training and Service Act "shall at any time after such conviction be eligible for release from custody on parole for service in the land or naval forces of the United States, * * * in the manner and under the conditions hereinafter set out." Subsection (a).

The pertinent condition precedent of such parole is, that the Attorney General may, upon the recommendation of the Director of Selective Service, grant the parole if he finds "it is compatible with the public interest and the enforcement of the Selective Training and Service Act." Subsection (b).

Subsection (d) provides that, "any person who is paroled for service in the land or naval forces of the United States but is not actually inducted into said forces, * * * may, upon recommendation of the Director of Selective Service, then be assigned by the Attorney General to work of national importance * * * or may be returned to a penal or correctional institution to complete the sentence originally imposed."

From the evidence in this case it appears that the conditions precedent to presentment for induction were not complied with in that the Attorney General did not grant the parole as provided. Since no parole has been granted, petitioner is not entitled to discharge under this writ.

The reason given for not granting the parole is that a detainer rests upon petitioner. It appears, therefore, that petitioner's remedy is not writ of habeas corpus, but application to the Attorney General to grant him a parole despite the detainer, or to secure the removal of the detainer.

Grounds for writ of habeas corpus have not been established.

Whereupon, it is considered, ordered and adjudged that said writ of habeas corpus be, and same is hereby, discharged and petitioner remanded to the custody of respondent.